## Case No. 8,761.

### McDONALD v. MAGRUDER.

[3 Cranch, C. C. 298.] [1]

Circuit Court, District of Columbia. May Term, 1828.

CONTRIBUTION—ACCOMMODATION PAPER—SURETIES.

The indorsers of accommodation paper are to be considered as joint sureties, and liable to contribution.

Assumpsit by the last indorser against his immediate indorser of S. Turner's note, dated 15th October, 1823, for $150 at 60 days, payable to the defendant [George B. Magruder] at the Bank of the Metropolis, where it was discounted for the accommodation of Turner. The plaintiff [John G. McDonald], being the last indorser, put his initials to these words, at one corner of the note,"Credit the drawer." The note not having been paid by the maker, was taken up by the plaintiff, who brought this suit against the first indorser. The plaintiff and the maker of the note were both clerks in the office of the secretary of the senate. The cause was tried at December term, 1825.

The counsel for the defendant contended that, as no consideration passed between these indorsers, the plaintiff could only recover upon the principle that joint sureties were liable to contribution. That the words "credit the drawer" were evidence that the indorsers were to be considered as joint sureties.

Mr. Wallach, for plaintiff, prayed the court to instruct the jury that these words were not evidence that the plaintiff and defendant had jointly agreed to become indorsers for the accommodation of Turner; which instruction THE COURT (MORSELL, Circuit Judge, absent) refused to give, and the jury found a verdict for the plaintiff for only half the amount of the note.

Mr. Wallach moved for a new trial, on the ground that the court erred in the refusal of the instruction.

But THE COURT (MORSELL, Circuit Judge, absent) refused the new trial. They thought the memorandum was evidence that the plaintiff never paid the defendant any thing for the note, and therefore the plaintiff could recover nothing from the defendant unless upon the ground that the defendant had agreed to become joint surety with the plaintiff; and that the jury did right in finding a verdict for only half of the amount of the note.

But see Magruder v. McDonald [Case No. 8,965].

McDONALD (MAGRUDER v.). See Case No. 8,965.

McDONALD (MANDEVILLE v.). See Case No. 9,013.

[1] [Reported by Hon. William Cranch, Chief Judge.]

McDONALD v. The MONADNOCK. See Case No. 9,704.

## Case No. 8,762.

### McDONALD v. MOORE.

[Reversing Case No. 8,763, so far as that decree directed the payment of the judgment of M., T. & Co., and the costs of the sheriff on the execution, and affirming it in all other respects. Nowhere reported; opinion not now accessible.]

## Case No. 8,763.

### MACDONALD v. MOORE et al.

[8 Ben. 579; 1 Abb. N. C. 53; 23 Int. Rev. Rec. 25; 3 N. Y. Wkly. Dig. 461; 15 N. B. R. 26; 24 Pittsb. Leg. J. 83.] [1]

District Court, S. D. New York. Dec. 9, 1876. [2]

VOID CONVEYANCE—GENERAL ASSIGNMENT—LIEN—LEVY—COSTS.

1. On December 28th, 1875, S., being insolvent, made a general assignment of his property to M., in trust to pay creditors without preference. M. took possession of the property, which consisted of a stock of goods. On January 4th, 1876, the firm of M. T. & Co. recovered a judgment in a state court against S., and issued execution to the sheriff, whose deputy, on that day, went to the store where the stock of goods was, and found it locked so that he could not effect an entrance, but, having obtained a ladder, he got up and looked through an open window into the store and saw that there were goods there, and made a memorandum on the back of the execution that he had levied on the stock and fixtures in the store. On January 7th, the sheriff, having received a bond of indemnity, broke into the store and took possession of the goods. On January 5th a petition in bankruptcy was filed against S., on which he was adjudged a bankrupt on the 17th, and, an assignee in bankruptcy having been appointed, a bill in equity was filed by him against S. and M. and M. T. & Co. and the sheriff, to recover the property or its proceeds. In that suit a receiver was appointed, to whom the sheriff delivered the property and who sold it and held the proceeds subject to the decree of the court. M., in his answer, consented to relinquish his trust on being paid his disbursements and expenses. M. T. & Co. insisted upon their right to have the property applied on their execution: Held, that the assignment by S. to M. was made when S. was insolvent and had the necessary result of preventing from coming to any assignee in bankruptcy of S. who should be appointed, and must be held to have been made by S. with that view.

[Cited in Platt v. Preston, Case No. 11,219.]

2. M. had reasonable cause to believe that S. was insolvent and must be held to have known that S. made the assignment with such view. The assignment, therefore, must be set aside.

[Cited in Wehl v. Wald, 3 Fed. 93.]

3. The assignment, being declared void from the time when it was made, could not prevent M. T. & Co. from acquiring rights against the property of S. by the proceedings which they took.

4. The judgment and execution of M. T. & Co. were valid, and the acts of the sheriff under the execution constituted an actual levy on the goods,

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission. 24 Pittsb. Leg. J. 83, contains only a partial report.]

[2] [Reversed in part and affirmed in part by the circuit court. Case unreported.]